# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

U.S.A. vs. William Demetrius McFadyen            Docket No. 5:95-CR-83-7BO

### Petition for Action on Supervised Release

COMES NOW Eddie J. Smith, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of William Demetrius McFadyen, who, upon an earlier plea of guilty to 21 U.S.C. §846 and 841(a)(1), Conspiracy to Possess with the Intent to Distribute and to Distribute Cocaine Base (Crack) and 18 U.S.C. §924(c) and 2, Use and Possession of a Firearm During and in Relation to a Drug Trafficking Crime, was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on February 29, 1996, to the custody of the Bureau of Prisons for a term of 270 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 60 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall submit a written weekly report to the probation office, if not regularly employed, of attempts to secure gainful employment.

3. The defendant shall support his dependants.

On June 16, 1996, pursuant to a Rule 35 Motion, the court amended the imprisionment sentence to 168 months. William Demetrius McFadyen was released from custody on August 22, 2007, at which time the term of supervised release commenced. On October 22, 2007, a violation report was submitted to the court reporting the defendant had committed the offense of Communicating Threats (07CR64536) in Cumberland County, NC. The defendant admitted his guilt and he was verbally reprimanded.

On November 15, 2007, a violation report was submitted to the court reporting the defendant had been charged with the offense of Second Degree Trespassing (07CR65606) in Cumberland County, NC. The court agreed to continue supervision until the case was adjudicated in state court. The charge was dismissed by the state on November 26, 2007.

On June 12, 2008, a violation report was submitted to the court reporting the defendant had been charged with the offenses of Maintaining a Dwelling for Controlled Substances and Conspiracy to Sell/Deliver Cocaine (08CR57828) in Cumberland County, NC. The court agreed to continue supervision until these cases were adjudicated in state court. These charges were dismissed by the state on August 7, 2009.

William Demetrius McFadyen
Docket No. 5:95-CR-83-7BO
Petition For Action
Page 2

On November 5, 2008, after the defendant committed the offense of Resisting Public Officer (08CR17351) in Cumberland County, NC, the court modified the conditions of supervision to include the following:

> The defendant shall be confined in the custody of the Bureau of Prisons for a period of 5 days, as arranged by the probation office and shall abide by all rules and regulations of the designated facility.

On July 16, 2009, a violation report was submitted to the court reporting the defendant committed the offenses of Failure to Report Accident and Failure to Stop fo Stop Sign/Flashing Red Light (09CR714499) in Cumberland County, NC. The defendant admitted his guilt and he was verbally reprimanded.

On February 1, 2010, a violation report was submitted to the court reporting the defendant had been charged with the offenses of Assault on Female, Breaking or Entering, Injury to Personal Property (10CR50986), Harassing Phone Call, Communicating Threats, and Injury to Real Property (10CR50998) in Cumberland County, NC. The court agreed to continue supervision until these cases were adjudicated in state court. The defendant was found not guilty of these charges on July 1, 2010.

On May 6, 2010, a violation report was submitted to the court reporting the defendant had been charged with the offense of Domestic Violence Protection Order (10CR55021) in Cumberland County, NC. The court agreed to continue supervision until the case was adjudicated in state court. The defendant was found not guilty of this charge on July 1, 2010.

On July 12, 2011, to assist the defendant with job readiness skills, the court modified the conditions of supervision to include the following:

1. The defendant shall participate in a vocational training program as directed by the probation office. Such program may include job readiness training and skills development training.

2. The defendant shall participate in a cognitive behavioral program as directed by the probation office.

3. The offender shall participate in an educational services program as directed by the probation officer. Such program may include GED preparation, English as a Second Language classes, and other classes designed to improve the offender's proficiency in skills such as reading, writing, mathematics, or computer use.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On April 7, 2011, the defendant was charged with the offense of Resisting Public Officer (11CR54061) in Cumberland County, NC. According to Officer J. Fette of the Fayetteville Police Department, he responded to Link Street in reference to a complaint about someone selling drugs. When Officer Fette arrived, he observed McFadyen turn his back, and place

William Demetrius McFadyen
Docket No. 5:95-CR-83-7BO
Petition For Action
Page 3

something in his mouth. Officer Fette exited his vehicle and instructed McFadyen to spit out the object in his month. The defendant failed to comply with the officer's commands and swallowed it. Additionally, Officer Fette reported during a search of his person, McFadyen failed to comply with instructions to spread his feet apart. The defendant has been instructed numerous times by the probation officer to stay away from Link Street, a known drug area in Fayetteville, NC. As a sanction for this conduct, we are recommending that the conditions of supervised release be modified to include 60 days of home confinement. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

> The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 60 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Robert L. Thornton | /s/ Eddie J. Smith |
| Robert L. Thornton | Eddie J. Smith |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 310 Dick Street |
| | Fayetteville, NC 28301-5730 |
| | Phone: (910) 483-8613 |
| | Executed On: April 27, 2011 |

### ORDER OF COURT

Considered and ordered this ___ day of _____, 2011, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge